IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Romanoski,              :
                   Petitioner      :
                                     :
            v.                    :
                                     :
Pennsylvania Public Utility        :
Commission,                   :    No. 663 C.D. 2024
                   Respondent    :    Submitted: June 3, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: August 7, 2025


       David A. Romanoski (Romanoski), pro se, petitions this Court for review of the Pennsylvania Public Utility Commission's (Commission) May 23, 2024 Final Order (Final Order) denying Romanoski's exceptions to the Administrative Law Judge's (ALJ) Initial Decision (Initial Decision) that dismissed Romanoski's complaint (Complaint) for lack of jurisdiction. Romanoski presents one issue for this Court's review: whether the Commission properly concluded that it lacked jurisdiction.[1] After review, this Court affirms.

---

[1] In his Statement of the Question Involved, Romanoski presents one issue: "Did [t]he [Commission] have substantial evidence or any evidence at all in determining Swatara Station Crossing was converted into a pedestrian bridge or otherwise abolished not subject to its jurisdiction?" Romanoski Br. at 2. This Court has rephrased the issue for clarity.

**Background**

On May 20, 1919, the Public Service Commission (PSC)[2] ordered the elimination of five railroad grade crossings in Derry Township (Township), Dauphin County (County), Pennsylvania (1919 Order). Of relevance to the instant action, the 1919 Order, *inter alia*: (1) ordered the elimination of an at-grade crossing where the tracks of the Philadelphia & Reading Railway Company (PRRC) crossed Hockersville Road at the Swatara Station in the Township (Swatara Crossing); (2) directed that the Swatara Crossing be replaced with a subway/underpass to be constructed at Swatara Station providing for pedestrian and highway traffic under the railroad (Swatara Station Subway Crossing); and (3) directed that the PRRC construct a retaining wall adjacent to the highway (Wall). The 1919 Order assigned maintenance responsibilities to the PRRC for the subway and to the State Highway Department for the highway underneath the subway, but was silent regarding which party would be responsible for future Wall maintenance.

The Wall is now separated from the Swatara Station Subway Crossing by four distinct properties, none of which have a retaining wall leading up to the Swatara Station Subway Crossing. *See* Reproduced Record[3] (R.R.) at 26-28. The Wall is situated on five private properties. Romanoski possesses an ownership interest in three of those five private properties.[4]

---

[2] The PSC is the Commission's predecessor. The PSC's enabling statute, the Act of July 26, 1913, P.L. 1374, was repealed and replaced by the Public Utility Law, Act of May 28, 1937, P.L. 1053, repealed and replaced by codification, Act of July 1, 1978, P.L. 598. The Act of March 31, 1937, P.L. 160, abolished the PSC and created the Commission.

[3] Romanoski's Reproduced Record fails to comply with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."). However, for consistency, the citations herein are as reflected in the Reproduced Record.

[4] Romanoski and Laurie Peiffer co-own the following properties: Lot # 24-013-003 located at 611 Old West Chocolate Avenue, Hershey, Pennsylvania, Lot # 24-013-002 located at 613 Old

**Facts**

On September 28, 2023, Romanoski filed the Complaint with the Commission against Respondent Commission and Intervenors, Pennsylvania Department of Transportation (PennDOT), the Township, the County, and Norfolk Southern Railway Company (Norfolk Southern)[5] (collectively, Respondents), alleging therein that the Wall has deteriorated and poses a danger to the public. As relief, Romanoski requested to have the Wall inspected and maintained, as needed, pursuant to Sections 2702 and 2704 of the Public Utility Code (Code), 66 Pa.C.S. §§ 2702, 2704, to prevent the Wall from becoming hazardous to the public.[6]

---

West Chocolate Avenue, Hershey, Pennsylvania, and Lot # 24-013-001 located at 615 Old West Chocolate Avenue, Hershey, Pennsylvania. *See* R.R. at 14-15.

[5] Norfolk Southern is successor to PRRC.

[6] Section 2702 of the Code states, in pertinent part:

> **(a) General rule.--** No public utility, engaged in the transportation of passengers or property, shall, without prior order of the [C]ommission, construct its facilities across the facilities of any other such public utility or across any highway at grade or above or below grade, or at the same or different levels; and no highway, without like order, shall be so constructed across the facilities of any such public utility, and, without like order, no such crossing heretofore or hereafter constructed shall be altered, relocated, suspended or abolished.
>
> **(b) Acquisition of property and regulation of crossing.--** The [C]ommission is hereby vested with exclusive power to appropriate property for any such crossing . . . and to determine and prescribe, by regulation or order, the points at which, and the manner in which, such crossing may be constructed, altered, relocated, suspended or abolished, and the manner and conditions in or under which such crossings shall be maintained, operated, and protected to effectuate the prevention of accidents and the promotion of the safety of the public. . . .
>
> **(c) Mandatory relocation, alteration, suspension or abolition.--** Upon its own motion or upon complaint, the [C]ommission shall have exclusive power after hearing, upon notice to all parties in interest, including the owners of adjacent property, to order any such

3

Respondents filed answers to the Complaint and motions to dismiss which the ALJ construed as preliminary objections[7] (POs) alleging that the Commission lacked jurisdiction. Romanoski filed answers to Respondents' submissions.

On February 28, 2024, the ALJ issued his Initial Decision sustaining the POs challenging the Commission's jurisdiction based on his conclusion that because the PSC terminated the at-grade crossing, the Commission did not have jurisdiction over the Wall. According to the ALJ, the Commission has no jurisdiction over structures built after a railroad-highway crossing has been abolished. The ALJ observed:

> Section 2702 of the Code, 66 Pa.C.S. § 2702, vests the Commission with exclusive jurisdiction to determine the

---

> crossing heretofore or hereafter constructed to be relocated or altered, or to be suspended or abolished upon such reasonable terms and conditions as shall be prescribed by the [C]ommission. In determining the plans and specifications for any such crossing, the [C]ommission may lay out, establish, and open such new highways as, in its opinion, may be necessary to connect such crossing with any existing highway, or make such crossing more available to public use; and may abandon or vacate such highways or portions of highways as, in the opinion of the [C]ommission, may be rendered unnecessary for public use by the construction, relocation, or abandonment of any of such crossings. The [C]ommission may order the work of construction, relocation, alteration, protection, suspension[,] or abolition of any crossing aforesaid to be performed in whole or in part by any public utility or municipal corporation concerned or by the Commonwealth or an established nonprofit organization with a recreational or conservation purpose.

66 Pa.C.S. § 2702 (underline emphasis added). Section 2704 of the Code pertains to compensation for damages occasioned by construction, relocation, or abolition of crossings. *See* 66 Pa.C.S. § 2704.

[7] PennDOT and the County filed motions to dismiss challenging the Commission's jurisdiction. The Township joined the County's motion to dismiss. Norfolk Southern filed an answer, new matter, and preliminary objections contending that the Commission lacked jurisdiction. With respect to the motions to dismiss, the ALJ observed that although captioned as Motions to Dismiss, "[t]he Motions filed by PennD[OT], [the] County, and [the] Township are, in effect, Preliminary Objections." R.R. at 39.

points at which and the manner in which a railroad-highway crossing is to be constructed, relocated, altered, protected, suspended or abolished, as well as the manner and conditions under which a railroad-highway crossing will be maintained, operated and protected to prevent accidents and promote public safety. The Commission possesses exclusive authority to determine and order which parties should perform such work at a crossing and which parties will maintain the crossing in the future, all to effectuate the prevention of accidents and promote public safety.

R.R. at 41.

The ALJ concluded:

The Complaint does not involve a railroad-highway crossing, or a component of a railroad-highway crossing.[8] The 1919 Order, of which [Romanoski] attached as an exhibit to his Complaint, approved the abolishment of five at-grade crossings, including the Swatara Crossing. To affect the abolishment of the Swatara Crossing, the PSC directed that the [Wall] be constructed. As the 1919 Order abolished the Swatara Crossing, the [Wall] is not associated with or adjacent to an existing railroad-highway crossing. The Commission's power over crossings is limited and applies only to railroad-highway crossings.

R.R. at 41-42.

On March 1, 2024, Romanoski filed exceptions to the Initial Decision challenging several of the Commission's findings of fact (FOF) and asserting that the Commission had jurisdiction because both the road and the railway are operational, and a railroad-highway crossing encompasses the area at issue.

---

8    A "crossing" under the Code is an intersection of two or more public utilities. S[e.] P[a.] Transp[.] Auth[.] v. P[a.] Pub[.] Util[.] Comm[']n, . . . 592 A.2d 797 ([Pa. Cmwlth.] 1991). A "railroad-highway crossing" is an intersection of a highway with a railroad right-of-way, upon which railroad tracks lie, and can be at, above or below the grade of the railroad tracks. Id.
Wheeling & Lake Erie Ry. Co. v. Pa. Pub. Util. Comm'n, 778 A.2d 785, 790 n.4 (Pa. Cmwlth. 2001).

5

On May 23, 2024, the Commission issued its Final Order denying Romanoski's exceptions. Relative to the challenged FOFs, the Commission explained:

> Upon review of the pertinent language in the 1919 Order, [the Commission] find[s] no errors with FOF Nos. 9 or 10. Indeed, as noted in FOF No. 9, the 1919 Order directed the elimination of the at-grade crossing where the . . . tracks crossed [] Hockersville Road at the Swatara Station (i.e., the Swatara Crossing). Further, as noted in FOF No. 10, the 1919 Order directed that at Hockersville Road, a pedestrian subway be constructed along with a highway underneath the subway. Moreover, contrary to [Romanoski's] arguments otherwise, there is no indication in FOF Nos. 9 or 10 that the ALJ mistook the location of one crossing for another crossing. Therefore, [the Commission] find[s] [Romanoski's] claims challenging the accuracy of FOF Nos. 9 and 10 are without merit.

R.R. at 66.

> Regarding its jurisdiction, the Commission expounded:
>
> [Romanoski] also challenges the accuracy of [conclusion of law (]COL[)] No. 10, which states as follows:
>
> > The 1919 Order of the PSC abolished the railroad-highway crossing for which the [Wall] was built. Therefore, the Commission lacks jurisdiction over the Complaint.
>
> [*Id*.] at 13, COL No. 10. According to the 1919 Order, the PSC ordered the construction of retaining walls based on the elimination of five grade crossings. In his Complaint, [Romanoski] provided images of the [Wall]. Upon review of those images, [the Commission] agree[s] with the ALJ that the [Wall] is not associated with, or adjacent to, an existing railroad-highway crossing (i.e., an intersection of a highway with a railroad right-of-way, upon which railroad tracks lie and can be at, above, or below the grade of the railroad tracks) or a component of a railroad-highway crossing. As such, [the Commission] agree[s] with the ALJ that the Complaint does not involve a railroad-highway crossing.

6

> To the extent that [Romanoski] challenges the ALJ's conclusion that the Commission does not have jurisdiction over the [Wall], [the Commission] agree[s] with the ALJ that the Commission's power over crossings applies only to railroad-highway crossings and the Commission has no jurisdiction over the structure(s) built in place after a railroad-highway crossing has been abolished. Accordingly, given that the Complaint does not involve a railroad-highway crossing or structure that is adjacent to, or a component of, a railroad-highway crossing, [the Commission] agree[s] with the ALJ that the Commission lacks jurisdiction over the Complaint and, therefore, must be dismissed. Accordingly, [the Commission] shall adopt the ALJ's Initial Decision and dismiss the Complaint.

R.R. at 21-22 (citations and footnote omitted). Romanoski appealed to this Court.[9] Norfolk Southern, PennDOT, the County, and the Township filed notices of intervention and filed briefs in this Court.

## Discussion

Romanoski argues that the Commission has jurisdiction to direct that the Wall be maintained and to determine the party responsible for maintaining it, because the Wall was built for the Swatara Station Subway Crossing construction (located up the road from the Wall). The Commission responds that the Wall is not within its jurisdiction because it is not within the Swatara Station Subway Crossing's

---

[9] This Court's review of a [Commission] adjudication determines "whether constitutional rights have been violated, an error of law has been committed, or the Commission's findings and conclusions are, or are not, supported by substantial evidence." *Barasch v. [Pa.] Pub[.] Util[.] Comm['n]*, . . . 493 A.2d 653, 655 ([Pa.] 1985). As to questions of law, this Court's scope of review is plenary, and its standard of review is *de novo*.

*Twin Lake Utils., Inc. v. Pa. Pub. Util. Comm'n*, 281 A.3d 384, 389 n.5 (Pa. Cmwlth. 2022).

right of way or otherwise connected to the Swatara Station Subway Crossing.[10]  This Court addressed a similar issue in *County of Bucks v. Pennsylvania Public Utility Commission*, 684 A.2d 678 (Pa. Cmwlth. 1996).  In *Bucks*, Amtrak filed a petition with the Commission in 1985, requesting the abolition of a pedestrian bridge over Amtrak's tracks.  In 1917, the PSC had ordered that an at-grade highway crossing at the site be abolished and, in the same order, required Amtrak's predecessor, before abolishing the highway crossing, to construct and maintain the above-grade pedestrian bridge at the same location.  Bucks County and Bristol Township argued that the Commission did not have jurisdiction to close or allocate the bridge closing costs because it was a pedestrian-only bridge.  The *Bucks* Court concluded that the Commission lacked jurisdiction because the PSC had ordered the at-grade highway crossing be abolished and, absent the crossing, the Commission lacked jurisdiction.

> Specifically, the *Bucks* Court explained:

> The [PSC's] enabling statute, . . . while limiting its jurisdiction to highway-railroad crossings, did not define the term "highway[."]  Jurisdiction may have been assumed by the [PSC] because it determined that the

---

[10] The Commission raises two additional arguments: (1) this Court should ignore the document in Romanoski's Reproduced Record entitled *Statement of Issues* because it was not included in the Commission's Certified Record; and (2) Romanoski improperly attempts to reintroduce extra-record documents with his brief (Exhibits 24 and 25) that the Commission previously rejected because Romanoski offered them after the Commission had closed the record.

> An appellate court is limited to considering only those facts that have been duly certified in the record on appeal.  *City of Pittsburgh Comm*[*'n*] *on Hum*[.] [*Rels.*] *v. DeFelice*, 782 A.2d 586, 593 n.10 (Pa. Cmwlth. 2001).  For purposes of appellate review, that which is not part of the certified record does not exist.  *Id.*  Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record.

*Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023) (quoting *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012)).  Therefore, this Court did not consider the *Statement of Issues* in Romanoski's Reproduced Record or Exhibits 24 and 25.

8

> pedestrian bridge could be required as a condition of the abolishment of the highway crossing. Once the highway bridge was abolished, as ordered by the [PSC], there was no basis for the [Commission's] assertion of jurisdiction based on any purported jurisdiction of the [PSC]. . . .
>
> In conclusion, the [Commission], as an administrative agency created by statute, has only those powers expressly conferred upon it by statute or those powers which are necessarily implied from its express powers. The plain language of the present Code limits the [Commission]'s jurisdiction to highways for vehicular traffic which excludes the pedestrian bridge at issue here without regard to any prior assertion of jurisdiction

*Bucks*, 684 A.2d at 682 (footnote and citations omitted).

Here, notwithstanding that the PSC ordered the Wall's construction in 1917 as part of Swatara Crossing's abolishment, as in *Bucks*, once it was abolished, the PSC (and the Commission) lost jurisdiction over the area of the Wall, which is located up the road from the current Swatara Station Subway Crossing and is not within Swatara Station Subway Crossing's right of way. Accordingly, the Commission properly concluded that it lacked jurisdiction and dismissed Romanoski's Complaint.

## Conclusion

For all of the above reasons, the Commission's Final Order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David A. Romanoski,                          :
                Petitioner      :
                                   :
         v.                                  :
                                   :
Pennsylvania Public Utility                  :
Commission,                                  :    No. 663 C.D. 2024
                Respondent      :

## O R D E R

AND NOW, this 7th day of August, 2025, the Pennsylvania Public Utility Commission's May 23, 2024 Final Order is affirmed.

_____

ANNE E. COVEY, Judge